IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID L. KNUTSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:16CV112 |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | MEMORANDUM OPINION |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      This matter is before the Court with regard to the decision of the Acting Commissioner of Social Security ("Commissioner" or "defendant"), denying disability insurance benefits and supplemental social security income to David L. Knutson ("plaintiff" or "Knutson"). Plaintiff filed a motion for an order reversing the Commissioner's decision (Filing No. 15) and defendant filed a motion to affirm the Commissioner's decision (Filing No. 16). This matter has been fully briefed, and the administrative record ("record") has been provided to the Court. *See* Filing Nos. 8, 9, 15-1, 17, and 18. After careful review of the briefs, the record, and applicable law, the Court finds as follows.

**BACKGROUND**

      On December 5, 2012, plaintiff filed an application for disability insurance benefits and supplemental social security

income under of the Social Security Act (Filing No. 8-2 at 15). Plaintiff's claims were denied initially and again on reconsideration (*Id.*).

On June 10, 2014, plaintiff's claims were heard in front of an Administrative Law Judge ("ALJ") in Omaha, Nebraska (*Id.*). On October 24, 2014, the ALJ issued a written decision denying plaintiff's claims (*Id.* at 28). On January 31, 2016, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner for the purpose of judicial review (*Id.* at 2). On March 15, 2016, plaintiff filed a complaint with this Court seeking judicial review in accordance with 42 U.S.C. § 405(g) (Filing No. 1).

**STANDARD OF REVIEW**

The Commissioner's decision will be affirmed "if the record contains substantial evidence to support it." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). "In determining whether existing evidence is substantial, [a court should] consider evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001). If the

record reveals substantial evidence supporting the Commissioner's decision, then that decision should not be reversed merely because "substantial evidence exists in the record that would have supported a different outcome." *Hutsell*, 259 F.3d at 711. A reviewing court does "not reweigh the evidence presented to the ALJ, and [the court] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Mabry v. Colvin*, 815 F.3d 386, 389 (8th Cir. 2016) (internal quotation and citation omitted). Finally, the claimant "bears the burden of proving disability." *Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011).

**DISCUSSION**

Plaintiff alleges disability due to chronic obstructive pulmonary disease, coronary artery disease, degenerative lumbar disc disease, obesity, and anxiety with an onset date of August 1, 2012 (Filing No. 15-1 at 6). To determine if a claimant is disabled, the Social Security Administration utilizes a five-step sequential test. *See* 20 C.F.R. § 404.1520(a)(4); *see also Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir. 2006). A claimant's residual functional capacity ("RFC") is determined between steps three and four of the sequential test. 20 C.F.R. § 404.1520(a)(4). This RFC is utilized at steps four and five to

determine if the claimant can perform past relevant work or other work within the national economy. *Id.* Plaintiff claims the ALJ erred in the determination of Knutson's RFC, resulting in an improper step five determination that Knutson would be able to work in the national economy (Filing No. 15-1 at 18 and 41).

Plaintiff argues that the ALJ's determination of Knutson's RFC is not supported by substantial evidence (Filing No. 15-1 at 18). Knutson asserts three assignments of error related to the ALJ's RFC determination. First, plaintiff argues that the ALJ erred in his evaluation of the non-examining doctors' opinions (*Id.* at 21). Second, plaintiff argues that the ALJ did not properly weigh and evaluate the opinions of Knutson's treating pulmonologist, Dr. Huerta, and Knutson's primary care provider, Ms. Belitz (*Id.* at 25). Finally, plaintiff argues that the ALJ did not properly weigh the opinion of consultative examiner Dr. Patera, and Ms. Belitz's response to his report (*Id.* at 38).

A claimant's RFC is a medical question which must be supported by some medical evidence. *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). However, "in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively." *Cox*, 495 F.3d at 619. The ALJ bears the "responsibility to determine a claimant's RFC based on all

-4-

relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). "Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner." *Cox*, 495 F.3d at 619. Finally, "[t]he claimant has the burden to establish his RFC." *Marby*, 815 F.3d at 390.

After a thorough review of the record as a whole, the Court finds that the ALJ's evaluation of, and weight provided to, each medical opinion in the record is supported by good reasons and substantial evidence. *See Mabry*, 815 F.3d at 389. Accordingly, the ALJ's determination that Knutson's RFC permitted him to perform sedentary work with specific limitations was within the available zone of choice for the ALJ. *See Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (holding that an ALJ's decision will only be disturbed if it falls outside the available zone of choice).

Having found the ALJ's determination of Knutson's RFC is supported by good reasons and substantial evidence, the Court turns to plaintiff's other alleged error. Plaintiff argues that as a result of an erroneous RFC determination, the ALJ posed an inaccurate hypothetical question to the vocational expert (Filing

No. 15-1 at 41). Plaintiff asserts that the ALJ's reliance on the resulting testimony from the vocational expert led to an erroneous determination, at step five of the sequential test, that Knutson can perform other sedentary work in the national economy (*Id.*).

At the January 10, 2014, hearing, the ALJ posed a hypothetical question to the vocational expert premised on the RFC. *See* Filing No. 8-2 at 72. The vocational expert testified that there was other work within the national economy that a person with Knutson's RFC and limitations could perform (*Id.* at 72-73). The ALJ subsequently found that Knutson was not disabled at step five of the sequential test (Filing No. 8-2 at 28).

Where the Court has determined that the ALJ's determination regarding Knutson's RFC is supported by good reasons and substantial evidence, the hypothetical question posed by the ALJ to the vocational expert was not improper. Based upon the testimony from the vocational expert and the entire record, the Court finds that the Commissioner's burden to show that jobs exist in the national economy that Knutson can perform has been met. Accordingly, the final decision of the Commissioner will be

affirmed. A separate order will be issued in accordance with this memorandum opinion.

DATED this 2nd day of February, 2017.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court